UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ERNESTO LUCIANO )
)
VS. ) CA 06-28ML
)
UNITED STATES OF AMERICA )

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by an through its attorneys, Robert Clarke Corrente, United States Attorney for the District of Rhode Island, and Adi Goldstein, Assistant U.S. Attorney, and hereby objects to the defendant's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By Its Attorneys,

ROBERT CLARKE CORRENTE
UNITED STATES ATTORNEY

ADI GOLDSTEIN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2006, I caused to be sent by regular first class mail a true copy of the within Government's Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Ernesto Luciano
Prisoner Number 01740-049
FCI Otisville
Two Mile Drive
P.O. Box 600
Otisville, NY 10963-0600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ERNESTO LUCIANO | ) | |
| | ) | |
| VS. | ) | CA 06-28ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. Introduction

The petitioner, Ernesto Luciano (Luciano), filed a motion pursuant to 28 U.S.C. § 2255 on June 16, 2006. Luciano raises a single issue in his § 2255 filing: ineffective assistance of counsel at sentencing. Luciano bases this claim on the fact that his counsel failed to raise an Apprendi objection at the sentencing and that, had he done so, petitioner would have overcome plain error review of his sentence at the Court of Appeals. Luciano's claim is without merit. First, petitioner cannot show that counsel's representation fell below "an objective standard of reasonableness," and second, even if counsel erred in not raising a Blakely objection at sentencing, petitioner cannot establish that any prejudice resulted. The government therefore requests that petitioner's motion be denied and dismissed.

## II. Travel of Case

Luciano pleaded guilty to a one-count Indictment charging him with being a felon in possession on October 3, 2003. A sentencing hearing was held on December 18, 2003. At the

hearing, the government presented evidence that Luciano pointed a loaded firearm at his girlfriend during a verbal altercation. A bystander who observed this incident, alerted a nearby police cruiser. The police stopped Luciano, patted him down, and retrieved a loaded gun and a loaded magazine from him. After hearing this evidence, the Court found that Luciano possessed a firearm in connection with an assault with a deadly weapon and applied a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). After applying a three-level reduction for acceptance of responsibility, the PSR concluded that the total offense level was 25. Luciano's criminal record placed him in criminal history category V. Thus, the resulting guidelines range was 100-125 months. Luciano moved for a downward departure on two grounds which were rejected by the Court. The government recommended the low-end pursuant to a plea agreement. The court, however, sentenced the defendant to the statutory maximum – 120 months. At the time the Court imposed the sentence it remarked, "in my judgment, I need to send you away long enough to protect the citizens of this state and to impress upon you that this sort of behavior simply will not be tolerated." (Sent Tr. at 95-96_.

Defendant appealed his sentence. On appeal, defendant argued that (1) his sentence was based on improper fact finding the district court, in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005); (2) that the Court should not have admitted the bystander's out-of-court statements pursuant to Crawford v. Washington, 541 U.S. 36 (2004); and (3) that the district court abused its discretion when it enhanced defendant's sentence based on hearsay testimony without determining that the witness was unavailable. The First Circuit rejected all of Luciano's claims. The First Circuit reviewed Luciano's Blakely claim under the plain-error standard as it was not raised at sentencing. The

First Circuit concluded that Luciano cannot meet the third and fourth prongs under Olano, because "it appears very unlikely that the district court would have sentenced Luciano more leniently under the advisory Guidelines." United States v. Luciano, 414 F.3d 174, 178 (1st Cir. 2005). The Court pointed out that the district court rejected two motions for downward departure and the government's more lenient sentencing recommendation. Id. Next, the First Circuit rejected Luciano's claim that his Sixth Amendment right was violated because the Court relied on hearsay testimony in enhancing the sentence. The Court held first that Booker did not change the fact that Crawford does not apply at sentencing hearings. The Court explained that the "Booker error 'is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guidelines system.'" Id. at 179 (citing United States v. Antonakopoulos, 399 F.3rd 68, 75 (1st Cir. 2005). Next, the Court held that the hearsay statements on which the Court relied were not testimonial and that, even had Crawford applied at sentencing, those statements would not have been excluded. Id. at 180. Finally, the Court found that the district court did not abuse its discretion in finding the statements of David Camacho to be reliable. Id. at 181.

## III. Argument

### 1. Applicable Law

The Supreme Court set forth the two-prong analysis for assessing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). The party advancing the claim must show: 1) that his attorney's performance fell below an objective

standard of reasonableness, and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). A defendant must meet the heavy burden imposed by the law for each of these prongs in order to make a successful ineffective assistance of counsel claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996). The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir.), cert. denied, 115 S. Ct. 517 (1994).

Courts are deferential in reviewing an attorney's performance: an attorney must only provide reasonably effective assistance. Singleton, 26 F.3d at 238. The court must scrutinize counsel's conduct on the "... totality of the circumstances before it, and making every effort to eliminate the distorting effects of hindsight." Id. (quoting United States v. Nantel, 938 F.2d 302, 309-310 (1st Cir. 1993)). There is a "strong presumption that conduct falls within this wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1995)). Counsel need not jump through every conceivable hoop, nor engage in futile exercises, in order to be considered effective. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984).

Even if the defendant proves that counsel's performance was objectively unreasonable, he cannot prevail unless he can also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984) (quoting Strickland, 466 U.S. at 693-694)(emphasis supplied). Thus "the court must not only find that defense counsel's performance was deficient,

but it was so prejudicial as to undermine confidence in the outcome." Strickland, 466 U.S. at 689. *If a claim of ineffective counsel can be disposed of on the ground of lack of prejudice, the court should do so.* Perron, 742 F.2d at 673. The defendant's motion presents such a claim.

2. Luciano cannot establish prejudice.

Even if Luciano could show that by failing to raise a Blakely or Apprendi styled objection at the time of sentencing, his counsel's performance fell below an objective standard of reasonableness, Luciano cannot establish that any prejudice resulted. As the First Circuit observed, the Court sentenced the defendant to the statutory maximum sentence, rejecting defendant's motions for downward departure and the government's more lenient recommendation. The Court expounded on its reasons for sentencing the defendant to the maximum sentence as follows:

> Your behavior on July 30th is extremely disturbing to the Court. You were on a public street at a public bus stop pointing your gun at the back of your girlfriend's head, pointing your gun at a bunch of young fellows on the street. That's a lethal combination, you being a drug dealer and you having a loaded gun in your hand and pointing it at people on the street. I think the Government is being very generous to you, quite frankly, and I'm more concerned with protecting the public from you because your behavior on the street that night could very well have resulted in the death or injury . . . .
>
> I think, Mr. Luciano, that I have to send you away for a long enough time to protect the citizens of this state from you and to impress upon you that the road you've been taking over the past 10 years . . . is just not going to be tolerated."

In light of the Court's statements at sentencing, it is highly improbable that petitioner's sentence would have been different had petitioner's counsel objected on Blakely

grounds at sentencing. The Court declined to depart from the guidelines and declined to sentence the defendant at the low-end of the guidelines. Accordingly, petitioner cannot show any prejudice whatsoever.

Furthermore, petitioner cannot establish that counsel's failure of object to the constitutionality of the guidelines was unreasonable. Blakely v. Washington, 124 S. Ct. 2531 (2004), was not decided until June 24, 2004, about six months after defendant's sentencing hearing. The First Circuit has ruled that application of the mandatory guidelines by the district court could not be plain error during the period of time following Blakely but prior to Booker as the state of the law was unsettled. United States v. Cordoza-Estrada, 385 F.3d 56, 60 (1st Cir. 2004). Accordingly, that defense counsel chose to based his objections on clearly established law, as opposed to raising a novel constitutional issue was a reasonable strategy by counsel. Cf. United States v. Parker, 2006 WL 584654 (9th Cir. 2006) (rejecting petitioner's § 2255 claim of ineffective assistance of counsel based on counsel's failure to raise an Apprendi objection at sentencing holding that "it would be too high a standard to hold that Parker's counsel's inability to predict Apprendi represented ineffective assistance of counsel." ) Defense counsel was aggressive and thorough both in briefing numerous issues at sentencing and in arguing those issues in Court. His objections were overruled by the Court and those rulings were affirmed by the First Circuit. There were no errors at sentencing, whatsoever.

**IV. Conclusion**

Because Petitioner's counsel's performance at sentencing did not fall below an objectively reasonable standard and because, in any event, Petitioner cannot show any prejudice, the government respectfully submits that petitioner's motion be denied and dismissed.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its attorneys:

ROBERT CLARK CORRENTE
United States Attorney

By:____________________
ADI GOLDSTEIN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2006, I caused to be sent by regular first class mail a true copy of the within Memorandum of Law in Support of Government's Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 to:

Ernesto Luciano
Prisoner Number 01740-049
FCI Otisville
Two Mile Drive
P.O. Box 600
Otisville, NY 10963-0600

________________________