**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ERNESTO LUCIANO

V. C.A. No. 06-284 ML

UNITED STATES OF AMERICA

**Memorandum and Order**

Mary M. Lisi, Chief United States District Judge

Ernesto Luciano has filed a motion to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Luciano's motion is denied.

**Background**

On the night of July 30, 2003, Ernesto Luciano ("Luciano") was arguing with his girlfriend at a bus stop in Providence. A nearby teenager witnessed Luciano pull out a gun and point it at Luciano's girlfriend. The teenager flagged down a police officer and the officer ordered Luciano to place his hands on his head. As Luciano complied, Luciano dropped a loaded gun magazine. The officer frisked Luciano and found a fully loaded .22 caliber semi-automatic weapon.

Luciano pled guilty to a one count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A sentencing hearing was held on December 18, 2003. In the Pre-Sentence Report, Luciano's base offense level was set at 24. After the Court determined that Luciano used the weapon in connection with an assault with a deadly weapon, the Court applied a four level enhancement. See U.S.S.G. § 2K2.1(b)(5); R.I. Gen. Laws § 11-5-1(a). With a three level reduction for acceptance of responsibility, Luciano's total offense level was determined to be 25. His ten criminal history points placed him in criminal history category V. The

resulting sentencing range was 100-125 months. The statutory maximum, however, was 120 months, and the Court sentenced him to 120 months.

Luciano filed a direct appeal, contending that (1) pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), his sentence was improperly enhanced based upon facts determined by the Court, (2) pursuant to Crawford v. Washington, 541 U.S. 36 (2004), the Court's reliance on a witness's out-of-court statement to determine the enhancing facts violated his rights under the Confrontation Clause, and (3) the Court abused its discretion when, in determining the enhancing facts, it relied on out-of-court statements of the only witness to the alleged enhancing crime, without determining that the witness was unavailable. The Court of Appeals rejected his arguments and affirmed. United States v. Luciano, 414 F.3d 174 (1st Cir. 2005).

Luciano timely filed a motion pursuant to 28 U.S.C. § 2255, claiming, (1) trial counsel was ineffective because counsel failed to raise an Apprendi claim, see Apprendi v. New Jersey, 530 U.S. 466 (2000), thereby failing to preserve a Blakely / Booker claim, and (2) that newly discovered evidence requires re-sentencing. The Government has objected to the motion.

## Analysis

### A. Section 2255

Title 28, United State Code Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 184-185 (internal quotation omitted).

Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" and "prejudice" or alternatively that he is "actually innocent" of the offense of which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

**B. Ineffective Assistance of Counsel Claim**

As his first claim for relief, Luciano contends that his trial counsel was ineffective because counsel failed to raise an Apprendi claim at sentencing, thereby preserving a Blakely / Booker claim. Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims that he was deprived of his right to effective assistance of counsel must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 694; see also Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported, or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279

(D.R.I. 2001).

When assessing the adequacy of counsel's performance, the Court looks to prevailing professional norms. See Ramirez v. United States, 17 F. Supp.2d 63, 66 (D.R.I. 1998). A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Id. Moreover, in determining whether counsel was deficient "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the defendant must overcome that presumption. Knight, 37 F.3d at 774 (quoting Strickland, 466 U.S. at 689).

Luciano contends that counsel was ineffective for failing to raise an Apprendi claim at his sentencing, thereby failing to preserve a Blakely / Booker claim. However, "[t]he central holding of Apprendi is that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Sepulveda v. United States, 330 F.3d 55, 58 (1st Cir. 2003), quoting Apprendi, 530 U.S. at 490. Here, Luciano pled guilty to being a felon in possession of a firearm and was sentenced to 120 months imprisonment. The statutory maximum for such an offense is 120 months imprisonment. See 18 U.S.C. § 924(a)(2). Consequently, since Luciano was not sentenced above the statutory maximum, there was no basis, at the time of sentencing, for an Apprendi objection.

To the extent that Luciano may be asserting that counsel was deficient for failing to anticipate a Blakely / Booker claim, such conduct cannot be considered deficient. Blakely and Booker were both decided after Luciano's sentencing. See Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005). Counsel cannot be deemed ineffective for failing to forecast

a change in the law. See e.g., Fuller v. United States, 398 F.3d 644, 651 n.4 (7th Cir. 2005); Muniz v. United States, 360 F. Supp.2d 574, 579 (S.D.N.Y. 2005) ("[B]ecause counsel's performance must be judged as of the time of counsel's conduct, [petitioner's] attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in Booker."); Frost v. United States, 2005 WL 331470 at *1 (D.N.H. Feb. 11, 2005) (counsel's failure to anticipate Blakely and Booker does not qualify as ineffective assistance of counsel).

Moreover, assuming *arguendo* that counsel was deficient in failing to raise an Apprendi claim at sentencing, Luciano has failed to demonstrate prejudice under Strickland. In order to demonstrate prejudice, Luciano must "point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). Here, for reasons stated at the time of sentencing and manifested by the fact that Luciano's sentence was at the statutory maximum, this Court would have imposed the same sentence even if an Apprendi / Blakely / Booker objection had been made at sentencing.

C. **Newly Discovered Evidence Claim**

Next, Luciano claims, as his second basis for relief, that he obtained "new" evidence that would "discredit" the police officer who testified during his sentencing hearing. See Supplement to Petitioner's Motion to Vacate, Dckt # 8, p. 1 ¶ 1. Specifically, Luciano maintains that the officers's testimony regarding the physical characteristics of the bus stop where Luciano was arrested was inaccurate.

This claim is without merit. First, the Court of Appeals for the First Circuit has expressed some doubt as to whether relief under 28 U.S.C. § 2255 is available on the basis of newly discovered

evidence. Moreno-Morales v. United States, 334 F.3d 140, 149 (1st Cir. 2003). Indeed, Section 2255 relief is limited to violations of the constitution or laws of the United States. 28 U.S.C. 2255 ¶ 1; see also United States v. Addonizio, 442 U.S. 178(1979); Hill v. United States, 368 U.S. 424 (1962)(explaining that § 2255 provides relief from errors that are either constitutional or jurisdictional). Thus, Luciano's newly discovered evidence claim may not even be cognizable under § 2255.

Second, assuming *arguendo* that a claim of newly discovered evidence is cognizable under Section 2255, the Court of Appeals has stated that "[a]t a minimum, [a] petitioner would be required to meet the conventional criteria for obtaining a new trial on the ground of newly discovered evidence." Barrett v. United States, 965 F.2d 1184, 1194-95 (1st Cir. 1992), citing Cruz-Sanchez v. Rivera-Cordero, 835 F.2d 947, 948 (1st Cir. 1987); see also Lindhorst v. United States, 658 F.2d 598, 602 (8th Cir. 1981)(request for § 2255 relief based upon newly discovered evidence reviewable under standards applicable to motion for a new trial under Fed.R.Crim.P. 33). That exercise would require Luciano to prove four elements: "(1) the newly discovered evidence was unknown or unavailable at the time of trial; (2) the defendant was duly diligent in trying to discover it; (3) the evidence was material; and (4) the evidence was such that it would probably result in an acquittal upon retrial." Awon v. Untied States, 308 F.3d 133, 140 (1st Cir. 2002).

Luciano falters on all four elements. First, this evidence is not "new." This evidence was available to Luciano at the time of his sentencing and there is no indication that Luciano was diligent in trying to discover it. Second, the new evidence is not material. Rather, the new evidence could, at best, be used for impeachment purposes. Newly discovered impeachment evidence is not a basis for Section 2255 relief. Barrett, 965 F.2d at 1195, citing United States v. Benavente-Gomez, 921

F.2d 378, 382 (1st Cir. 1990)(new evidence must be material and "not merely cumulative or impeaching"). Finally, Luciano must show that the new evidence would have altered the outcome of the sentencing hearing. However, Luciano's new evidence does not impugn the Court's determination that Luciano used the firearm in connection with an assault with a deadly weapon.

Accordingly, even if this claim were cognizable under Section 2255, the claim is nonetheless without merit.

**Conclusion**

For the reasons stated above, Luciano's motion to vacate, set aside and/or correct sentence is denied.

IT IS SO ORDERED.

Mary M. Lisi
Chief United States District Judge
June 6, 2007